**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0174-17T1

U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE
OF THE NRZ PASS-THROUGH
TRUST V,

      Plaintiff-Respondent,

v.

MERVIN HODGE,

      Defendant-Appellant,

and

MRS. HODGE, WIFE OF MERVIN
HODGE, and CITIMORTGAGE
INC.,

      Defendants.

_____

Submitted October 9, 2018 – Decided  October 18, 2018

Before Judges Fasciale and Gooden Brown.

On appeal from Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-022401-15.

Mervin Hodge, appellant pro se.

Sandelands Eyet LLP, attorneys for respondent (Kathleen Cavanaugh, on the brief).

PER CURIAM

In this residential foreclosure action, defendant Mervin Hodge appeals from an August 15, 2017 final judgment entered in favor of U.S. Bank National Association, As Trustee of the NRZ Pass-Through Trust V (plaintiff). We affirm.

In March 2005, defendant obtained a mortgage loan from Lehman Brothers Bank, FSB. Plaintiff received an assignment of the mortgage in November 2014. In May 2013, defendant defaulted on the mortgage and has failed to make a mortgage payment since.

In January 2015, defendant filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of New Jersey. In April 2015, the bankruptcy court entered an Order of Discharge of Debt. But the bankruptcy court did not discharge plaintiff's mortgage lien.

Plaintiff filed a foreclosure complaint in June 2015. Plaintiff attempted to serve defendant personally with the summons and complaint on nine different occasions at the property, but was unsuccessful. On the ninth attempt, the process server noted, "[t]hey will not come down[.] I ring the bell[, and] they

look out the window but will not come down. He does live there[,] the tenants already confirmed that. He lives on the [third] floor." Because personal service was unsuccessful, plaintiff mailed the foreclosure complaint to defendant at the property in July 2015, via regular and certified mail, return receipt requested. The certified mail return receipt card was returned to plaintiff as "unclaimed," but the regular mail was not returned.

In November 2015, the court entered default against all defendants. But in December 2016, the court administratively dismissed the complaint for lack of prosecution. In April 2017, plaintiff filed a motion to reinstate the case, and served the motion to the property via regular and certified mail, which defendant received. He failed to pay a filing fee when he responded to the motion, so the court refused to accept his response. The court reinstated the complaint in May 2017.

Defendant attempted to refile his opposition in June 2017, but the filing was marked "[r]eceived but not filed," because the court had already reinstated the complaint. Thereafter, defendant did not file an answer or address the merits of the case. On August 15, 2017, the court entered an uncontested order of final judgment against all defendants.

On appeal, defendant argues:

[POINT I]
LACK OF PERSONAL JURISDICTION OVER [DEFENDANT].

[POINT II]
LACK OF SUBJECT MATTER JURISDICTION.

[POINT III]
DENIAL OF EQUAL ACCESS TO THE COURT AND DENIAL OF REMEDY UNDER THE LAW.

[POINT IV]
THE INDIVIDUALS WORKING IN THE OFFICE OF FORECLOSURE ARE IN VIOLATION OF FEDERAL LAW PURSUANT TO 18 U.S.C. 2071.

Defendant primarily claims, for the first time, that the final judgment should be vacated – pursuant to Rule 4:50-1(a) and (d) – because the court lacked personal and subject matter jurisdiction. He also claims that the court violated his due process rights by rejecting his purported opposition.

Defendant never filed a Rule 4:50-1 motion to vacate the foreclosure judgment. He should have done so in the first instance, before requesting that we vacate default judgment as part of his appeal. See e.g., U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 483 (2012) (stating that the Court need not consider the defendant's claim that default judgment entered against them should be declared void under Rule 4:50-1(d) because defendant did not raise the argument in the trial court of the Appellate Division); Nieder v. Royal Indem.

Ins. Co., 62 N.J. 229, 234 (1973) (stating that "our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest" (citation omitted)). Nevertheless, we reject his arguments that he is entitled to relief under that rule because he failed to show excusable neglect and a meritorious defense to the allegations in plaintiff's complaint. See Guillaume, 209 N.J. at 468 (stating that a party seeking to vacate a default judgment under Rule 4:50-1(a) must show both excusable neglect and a meritorious defense).

Defendant relies on Rule 4:43-3, and argues that all that he must show is good cause to vacate the entry of default. Rule 4:43-3 provides that "[f]or good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with R. 4:50." As is clear from the language of the rule, Rule 4:43-3 pertains to an entry of default, not a default judgment. Defendant's reliance on Rule 4:43-3 is misplaced.

"Service by mail is not effective . . . unless plaintiff first made 'a reasonable and good faith attempt' to serve defendant personally." City of Passaic v. Shennett, 390 N.J. Super 475, 483 (App. Div. 2007) (quoting R. 4:4-

5

3(a)). "A party's good faith effort to personally serve a defendant must be 'described with specificity in the proof of service.'" Ibid. (quoting R. 4:4-3). Plaintiff previously made good faith attempts by trying to personally serve the complaint nine times on defendant at the property. Plaintiff then properly served defendant with the foreclosure complaint pursuant to Rule 4:4-3(a) and Rule 4:4-7.

And after the court dismissed the complaint for failure to prosecute, defendant received plaintiff's motion to reinstate the complaint. In fact, plaintiff served the motion at the same address where defendant had been avoiding service on multiple occasions. As further evidence that he received plaintiff's motion to reinstate the complaint, defendant unsuccessfully attempted to oppose the motion. Defendant's failure to answer the complaint cannot therefore be attributed to an "honest mistake that is compatible with due diligence or reasonable prudence." See Guillaume, 209 N.J. at 468.

There is no basis for relief under Rule 4:50-1(d), which allows the court to vacate a void judgment. A judgment is void for lack of subject matter jurisdiction when the court has no authority to adjudicate the controversy. See Bank v. Kim, 361 N.J. Super. 331, 339 (App. Div. 2003) (mortgage foreclosure judgment void in violation of bankruptcy automatic stay). Defendant contends

6

the court lacked subject matter jurisdiction because plaintiff engaged in "malicious use of process when it asked the [O]ffice of [F]oreclosure to grant [p]laintiff's order for final judgment." Defendant maintains that the Office of Foreclosure did not have "any jurisdictional authority." Defendant also argues that plaintiff attempted to collect a debt that the bankruptcy court discharged.

Plaintiff did not engage in malicious activity, and the Office of Foreclosure acted within its authority. According to Rule 4:64-1(d)(1), the procedure to enter judgment in uncontested foreclosure cases is that "the application shall be filed with the Office of Foreclosure in the Administrative Office of the Courts." Moreover, Rule 1:34-6 provides that the Office of Foreclosure "shall be responsible for recommending the entry of orders or judgments in uncontested foreclosure matters pursuant to R. 4:64-1 and R. 4:64-7 subject to the approval of a Superior Court Judge designated by the Chief Justice." Plaintiff complied with the Rule by submitting the motion for final judgment to the Office of Foreclosure. Then, the judge – not the Office of Foreclosure as defendant contends – entered the final judgment on the recommendation of the Office of Foreclosure.

A-0174-17T1

We conclude that defendant's remaining contentions are "without sufficient merit to warrant discussion in a written opinion." R. 2:11-3(e)(1)(E). We add the following brief remarks.

Defendant argues that the Office of Foreclosure "alter[ed]" his opposition motion after he filed it by stamping it as "Filed" and then crossing out the stamp. He contends that the Office of Foreclosure "[i]ntentionally alter[ed] the record" to make it appear as though the opposition was received at a later date. Contrary to defendant's contentions, the court rejected his opposition for failing to pay the filing fee. When he attempted to refile the opposition on June 16, 2017, the motion was marked "[r]eceived but not filed" because an order granting the reinstatement of the foreclosure action had already been entered on May 11, 2017.

The Chapter 7 discharge of debt did not impact plaintiff's mortgage lien. The Order of Discharge specifically notes "a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case." Defendant did not move to eliminate plaintiff's mortgage lien on the property. Therefore, plaintiff properly proceeded in the foreclosure

A-0174-17T1

action because the mortgage was not discharged in defendant's Chapter 7 bankruptcy proceeding.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9